NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DILCIA N PINEDA-GUARDADO; G.M.
PINEDA-PINEDA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3738

Agency Nos.
A220-962-214
A220-962-215

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2025[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Petitioner Dilcia Pineda-Guarado, a native and citizen of Honduras, seeks

review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from

an immigration judge's ("IJ") denial of her claims for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT").[1] Pineda-Guardado is the lead applicant. Her minor daughter has filed a separate I-598 application and is also a derivative beneficiary of Pineda-Guardado's application for asylum. Because the parties are familiar with the facts, we need not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. Our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted. *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). We review legal conclusions de novo and factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

Substantial evidence supports the agency's denial of asylum and withholding of removal based on Pineda-Guardado's ability to relocate within Honduras. "'An applicant does not have a well-founded fear of future persecution if the applicant could avoid persecution by relocating to another part of the applicant's country,' unless doing so would be unreasonable under the applicant's circumstances." *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) (citation modified) (quoting 8 C.F.R. § 1208.13(b)(2)(ii)). The record establishes that during the three years

---

[1] The court has issued a show-cause order to Adolfo Ojeda-Casimiro, counsel for Pineda-Guardado, based on the poor quality of his briefing in this matter. *See* Order to Show Case, *In re Adolfo Ojeda-Casimiro, Esq.* (Aug. 20, 2025) (No. 25-5260).

preceding her departure from Honduras, Pineda-Guardado internally relocated several times. Each time she relocated, she found work, received help caring for her children, and was not harmed by her ex-husband. Substantial evidence supports the agency's determination that Pineda-Guardado could avoid persecution from her ex-husband by relocating, and that relocation would be reasonable.

Pineda-Guardado has forfeited the issue of her eligibility for CAT protection. On appeal, she contends she has established a likelihood of torture. However, her briefing does not address the BIA's holding that she forfeited the issue, nor does her brief identify any evidence establishing a likelihood of torture. Because her argument regarding CAT protection is "purely conclusory and devoid of supporting factual detail or legal argument," she is ineligible for relief. *Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022).

Pineda-Guardado newly asserts that she may be eligible for humanitarian asylum. However, Pineda-Guardado did not raise her eligibility for humanitarian asylum before the agency and has therefore failed to exhaust the issue. *Iraheta-Martinez v. Garland*, 12 F.4th 942, 948 (9th Cir. 2021) ("[W]e must ensure either that [Pineda-Guardado] exhausted the [] issue or that exhaustion is excused."); *Santos Zacarias v. Garland*, 598 U.S. 411, 424, 429 (2023); 8 U.S.C. § 1252(d)(1).

**PETITION DENIED.**